IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOHN MYERS,** | Case No. 4:19 CV 476 |
| Petitioner, | Judge Christopher A. Boyko |
| v. | Magistrate Judge James R. Knepp II |
| **WARDEN MARK WILLIAMS,** | |
| Respondent. | REPORT AND RECOMMENDATION |

### INTRODUCTION

Petitioner John Myers ("Petitioner"), a federal prisoner incarcerated at Federal Correctional Institution—Elkton in Lisbon, Ohio, filed a *pro se* Petition for a Writ of Habeas Corpus 28 U.S.C. § 2241 ("Petition"). (Doc. 1). He subsequently filed a counseled memorandum in support and Motion for Interim Release. (Doc. 4).[1] Respondent filed an Opposition and Motion to Dismiss (Doc. 8), Petitioner filed a Reply (Doc. 9), and Respondent filed a Sur-Reply (Doc. 10).

The district court has jurisdiction over the Petition under § 2241(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Doc. 2). For the reasons discussed below, the undersigned recommends the Petition (Doc. 1) be DENIED as MOOT.

---

1. On April 22, 2019, Chief Judge Patricia A. Gaughan issued a General Order appointing the Office of the Federal Public Defender to represent petitioners seeking good time or earned time credits under the First Step Act. *See* General Order No. 2019-09 (N.D. Ohio), *available at* https://www.ohnd.uscourts.gov/sites/ohnd/files/GO-2019-09.pdf.

### DISCUSSION

The parties agree that Petitioner was serving a 100-month sentence imposed by the United States District Court for the Western District of Louisiana. (Doc. 4, at 2; Doc. 8, at 1).

On February 11, 2019, Petitioner signed the pending petition seeking an order requiring the BOP to calculate his good time credits under the First Step Act's amendment to 18 U.S.C. § 2624(b)(1). *See* Docs. 1, 4. Petitioner contended he was entitled to immediate release, because under the new calculation, he should have been released April 11, 2019. *See id.* Respondent filed an opposition and motion to dismiss, arguing the Petition was premature because: 1) the amendment referenced was not yet effective, and 2) Petitioner had not exhausted his administrative remedies. (Doc. 8). Petitioner filed a counseled Reply and Motion for Interim Release (Doc. 9), and Respondent filed a Sur-Reply (Doc. 10).

Subsequent to the filing of these pleadings, Petitioner was released. *See* Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/ (John Myers, BOP Register No. 15762-035, release date of June 7, 2019) (last visited June 19, 2019).[2] This release renders his Petition moot. *See, e.g., United States v. Sirois*, 2019 WL 1923632, at *1 (D. Me.). "Even if [Petitioner] were entitled to reduced good time, the Court cannot rewind the clock and grant him a retroactive credit since he is already released. In other words, [Petitioner's] request to be released early is now moot because he has been released." *Id.*; *see also Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986) (a case is moot and outside the court's jurisdiction if "events occur during the pendency of a litigation which render the court unable to grant the requested relief"); *North Carolina v. Rice,*

---

2. This Court can take judicial notice of such information. *See, e.g., Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), *Marshek v. Eichenlaub*, 266 F. App'x 392 (6th Cir. 2008).

404 U.S. 244, 246 (1971) (mootness is a jurisdictional issue, which may be raised by a court *sua sponte*).

## CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the Court recommends the Petition (Doc. 1) be DENIED as MOOT.

s/ James R. Knepp II<br>United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).